# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,     Case No. 8:13-bk-01520-KRM
                                                                      Chapter 11
    Debtor.
_____/

SONEET R. KAPILA, as CHAPTER 11
TRUSTEE OF UNIVERSAL
HEALTH CARE GROUP, INC.,

    Plaintiff,

vs.                                                                               Adv. Proc. _____

UNIVERSAL HEALTH CARE GROUP
CHARITABLE FOUNDATION and
UNIVERSAL HEALTH CARE GROUP, INC.
PAC,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND SUBSTANTIVE CONSOLIDATION

Plaintiff, Soneet R. Kapila, as Chapter 11 Trustee of Universal Health Care Group, Inc. (the "Trustee"), sues Defendants, Universal Health Care Group Charitable Foundation ("Foundation") and Universal Health Care Group, Inc. PAC ("PAC") (collectively "Defendants") and alleges:

### Jurisdiction, Venue and Parties

1. This is a core proceeding to determine the bankruptcy estate's interest in the Defendants' assets, to substantively consolidate the Defendants' assets in the bankruptcy estate

of Universal Health Care Group, Inc. (the "Debtor"), and to seek an injunction against Defendants from dissipating their assets and to freeze certain bank accounts.

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

3. The Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on February 6, 2013.

4. Plaintiff, the Trustee, was appointed by Order of the Bankruptcy Court dated April 22, 2013 (Doc. 238).

5. Defendant, the Foundation, is a non-profit organization organized under the laws of Delaware on August 10, 2011.

6. Defendant, the PAC, is a non-profit corporation organized under the laws of Delaware on August 10, 2011.

**Allegations**

7. Debtor is a Delaware corporation headquartered in St. Petersburg Florida. The Debtor is a holding company formed in 2006 to provide health insurance and managed care products through wholly-owned operating subsidiaries, including *inter alia*: (i) Universal Health Care, Inc. ("UCH"); (ii) Universal Health Care Insurance Company, Inc. ("UHCIC"); and (iii) American Managed Care, LLC ("AMC").

8. The Foundation is an entity that was incorporated by the Debtor and its principals, Akshay Desai, Sandip Patel, and Jeff Ludy, to form a non-profit organization for charitable purposes.

9. The PAC is an entity that was established by the Debtor to form a non-profit organization for exempt function activities.

10. The Foundation was funded with monies of the Debtor, UCH, UHCIC, and AMC through certain deposits in total of $100,000.00. A check register of the Foundation is attached hereto as **Exhibit "A."**

11. The Foundation is an alter ego of the Debtor.

12. The PAC is an alter ego of the Debtor.

13. At all times material and pertinent to this Complaint, the Defendants were insiders within the meaning of 11 U.S.C. § 101(31).

14. Upon information and belief the Foundation has a bank account with BankUnited bearing account #985264330 (the "Foundation Account").

15. Upon information and belief, as of March 8, 2013, the Foundation Account had the sum of $75,194.00. A demonstrative of the funds in the Foundation Account is attached hereto as **Exhibit "B."**

16. The Trustee continues to conduct his due diligence regarding the PAC and upon information and belief, asserts that accounts most likely exist in the name of the PAC.

**COUNT I – DECLARATORY JUDGMENT THAT THE DEFENDANTS ARE ALTER EGOS OF THE DEBTOR**

17. The Trustee repeats and realleges paragraphs 1-16 above as if fully set forth herein.

18. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

19. The Trustee seeks a declaration and has a need for a declaration by this Court that the Defendants are the alter egos of the Debtor and that the Defendants' property is property of the estate in accordance with 11 U.S.C. § 541(a).

20. An actual controversy exists over whether the Defendants are the alter egos of the Debtor and whether the Defendants' property is property of the estate.

21. All parties necessary for the resolution of this issue are before the Court.

**WHEREFORE**, the Trustee requests the Court enter a judgment declaring the Defendants are the alter egos of the Debtor and that the assets of the Defendants are properly included in the Debtor's bankruptcy estate, subject to the automatic stay and subject to administration by the Trustee.

## COUNT II – SUBSTANTIVE CONSOLIDATION

22. The Trustee repeats and realleges paragraphs 1-16 above as if fully set forth herein.

23. The Defendants are the alter egos of the Debtor. Their only assets are assets that were transferred from the Debtor.

24. The affairs of the Defendants and the Debtor are inextricably linked. The Defendants share the same officers, are located at the same principal business, and all business activities are at the direction of the Debtor.

25. Substantive Consolidation is necessary to ensure equitable treatment of creditors.

**WHEREFORE**, the Trustee requests the Court enter a judgment substantively consolidating the Defendants with the Debtor in this Chapter 11 case and preserving the Trustee's avoidance powers.

## COUNT III – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

26. The Trustee repeats and realleges paragraphs 1-16 above as if fully set forth herein.

27. The Trustee seeks a preliminary and permanent injunction against Defendants, pursuant to 11 U.S.C. § 105, enjoining Defendants from dissipating their assets, including the Foundation Account.

28. A substantial likelihood that the Trustee will succeed on the merits of this litigation exists.

29. Any harm created by the injunction is outweighed by the harm to the estate if the dissipation of assets is permitted. If the Court rules that the Defendants are the alter egos of the Debtor, the assets of the Defendants would be property of the estate. The only harm to Defendants is the inability to spend the monies in their possession for a period of time until a resolution of this suit.

30. Absent injunctive relief, the estate of the Debtor faces irreparable injury for which it will have no adequate remedy at law.

31. The relief requested herein would maximize recovery for the creditors of the estate.

32. The relief requested herein is not against the public policy.

**WHEREFORE**, the Trustee requests the Court (a) enter a temporary restraining order without bond enjoining the Defendants from dissipating their assets, directing BankUnited to freeze the Foundation Account; (b) enter a preliminary injunction without bond enjoining Defendants from dissipating their assets; (c) enter a permanent injunction and judgment against Defendants; and (d) grant such other and further relief as the Court deems proper.

Dated: May 13, 2013.

/s/ Roberta A. Colton
ROBERTA A. COLTON
Florida Bar No. 0371289
rcolton@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, PA
101 E. Kennedy Blvd., Suite 2700
Tampa, Florida 33602
Telephone: (813) 223-7474
Fax: (813) 229-6553
*Proposed Attorneys for the Chapter 11 Trustee*